**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Renicka HALL, Defendant–Appellant.**

No. 12–4556.

United States Court of Appeals,
Fourth Circuit.

Submitted: Nov. 8, 2012.

Decided: Nov. 16, 2012.

Richard J. Link, Jr., Karpel & Link, Rockville, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Hollis Raphael Weisman, Assistant United States Attorney, Greenbelt, MD, for Appellee.

Before SHEDD and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Renicka Hall was convicted, following a bench trial before a magistrate judge, of one count of driving under the influence, in violation of 36 C.F.R. § 4.23(a)(1) (2011), and one count of operating a vehicle without due care, in violation of 36 C.F.R. § 4.22(b)(1) (2011). These counts merged for sentencing, and Hall was sentenced to one year of probation. The district court affirmed the judgment; Hall appeals to this court. We affirm.

First, Hall contends that the district court erred in admitting her intoximeter test results because they constitute inadmissible hearsay. We review a trial court's ruling on admissibility of evidence for abuse of discretion. *United States v. Cole,* 631 F.3d 146, 153 (4th Cir.2011) (internal quotation marks omitted). Federal Rule of Evidence 801(c)(1)–(2) defines hearsay as a statement, not made by the declarant at the trial or hearing, that is offered in evidence "to prove the truth of the matter asserted." Hearsay is generally not admissible in evidence. Fed.R.Evid. 802.

■ We held in *United States v. Washington,* 498 F.3d 225, 231 (4th Cir.2007) that "raw data generated by [ ] machines do not constitute 'statements,' and the machines are not 'declarants,'" concluding that "[a]ccordingly, nothing said by a machine is hearsay." *Washington,* 498 F.3d at 231 (internal quotation marks omitted). Therefore, consistent with our holding in *Washington,* the intoximeter results do not constitute hearsay, and the district court did not abuse its discretion in admitting them over Hall's objection.

Hall also challenges the admission of the intoximeter results on the ground that they were not introduced in compliance with 36 C.F.R. § 4.23(c) (2011). Specifically, Hall contends that: (1) the Government did not lay a proper foundation that the administering officer was a person qualified to operate the intoximeter as required by 36 C.F.R. § 4.23(c)(1); and (2) the Government did not show that the intoximeter testing was conducted using accepted scientific methods as required by 36 C.F.R. § 4.23(c)(4).

We review objections not raised in the district court for plain error. *United States v. Thomas,* 669 F.3d 421, 424 (4th Cir.2012). To establish plain error, Hall must show: (1) there was error; (2) the error was plain; and (3) the error affected her substantial rights. *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Even when these elements are met, we will notice the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and alteration omitted).

■ Hall fails to establish that the district court committed plain error. We held in *Washington* that, when dealing with data provided by machines, "reliability concerns are addressed by requiring the proponent to show that the machine and its functions are reliable, that it was correctly adjusted or calibrated, and that the data … put into the machine was accurate." 498 F.3d at 231. The foundation for the data should be established through authentication, which can be accomplished by presenting evidence "describing the process or system used to produce the result and showing it produces an accurate result." *Washington,* 498 F.3d at 231 (internal quotation marks and alterations omitted) (citing Fed.R.Evid. 901(b)(9)). Applying this standard, the evidence pre-

sented at trial adequately establishes that the test results were produced using "accepted scientific methods" that are sufficiently reliable as required by 36 C.F.R. § 4.23(c)(4), and that the machine was operated by a certified person pursuant to 36 C.F.R. § 4.23(c)(4).

Also for the first time on appeal, Hall argues that introduction of the intoximeter results was improper under the Sixth Amendment's Confrontation Clause. She urges this court to reconsider our holding to the contrary in *Washington*, 498 F.3d at 231–32, in light of the Supreme Court's decision in *Davis v. Washington*, 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006) (holding that statements made to police in absence of ongoing emergency are testimonial when primary purpose of interrogation is to establish facts relevant to possible criminal prosecution), arguing that the Confrontation Clause is implicated in her case because the intoximeter results were prepared with a view toward later criminal prosecution. However, in *Washington*, decided the year after *Davis*, we held that "statements made by machines are not out-of-court statements made by declarants that are subject to the Confrontation Clause." *Washington*, 498 F.3d at 230 (internal quotation marks omitted). Hall's argument that we should reconsider this decision fails, as "[a] panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that." *Watkins v. SunTrust Mortg., Inc.*, 663 F.3d 232, 241 (4th Cir.2011) (internal quotation marks omitted).

■ Hall also challenges the sufficiency of the evidence to sustain her convictions. "In assessing the sufficiency of the evidence presented in a bench trial, we must uphold a guilty verdict if, taking the view most favorable to the Government, there is substantial evidence to support the verdict." *United States v. Armel*, 585 F.3d 182, 184 (4th Cir.2009) (internal quotation marks omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Whitfield*, 695 F.3d 288, 310 (4th Cir.2012) (internal quotation marks omitted). A defendant challenging evidentiary sufficiency "bears a heavy burden," as reversal of a conviction is limited to "the rare case where the prosecution's failure is clear." *United States v. Ashley*, 606 F.3d 135, 138 (4th Cir.2010) (internal quotation marks omitted).

Section 4.23(a)(1), 36 C.F.R., prohibits "[o]perating or being in actual physical control of a motor vehicle" in a national park area while under the influence of drugs or alcohol "to a degree that renders the operator incapable of safe operation." The arresting officer testified that he observed Hall leave the roadway and nearly hit a concrete wall before tailgating another vehicle at highway speeds. Upon approaching the vehicle, he smelled a strong odor of alcohol from the passenger compartment. Hall fell into the open car door when asked to step out of the vehicle, and gave strong indications of intoxication during field sobriety tests. Finally, Hall's intoximeter reading indicated a breath alcohol content higher than the minimum level prohibited in § 4.23(a)(2). We find this evidence sufficient to prove beyond a reasonable doubt that Hall was under the influence of alcohol to a point where she was unable to safely operate a vehicle.

This evidence also supports Hall's conviction for operating her vehicle without due care, in violation of § 4.22(b)(1). The magistrate judge made findings of fact crediting the arresting officer's observations of Hall's vehicle, including his obser-

vation of Hall nearly hitting a concrete wall and following another vehicle too closely, noting that "taken together these obviously indicated that somebody was operating a vehicle without due care." The magistrate judge found this evidence sufficient and provided a cogent rationale for Hall's conviction. We will not disturb it.

We accordingly affirm the district court's judgment affirming Hall's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED.*